UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00614-MOC

| | | |
|---|---|---|
| **JULIUS A. HARVELL,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on initial review of petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. 2255(f)(3).

## Initial Review

**I.     Screening of the Petition**

    **A.     Introduction**

The court has considered the pending motion and determined that, to the extent petitioner seeks relief under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C. §2255 is appropriate:

    1.     The court finds that the petition has not been signed under penalty of perjury, Rule 2(b)(5), Rules Governing Section 2255 Proceedings.

    2.     The court finds that petitioner has asserted that jurisdiction exists and/or that this petition has been timely filed under § 2255(f).

    3.     That petitioner has made the following contentions:

        I.     The Sentencing Commission has lowered the drug quantity from 100 to 1 to 18 to 1.

> II. In <u>Alleyne</u> [the] statutory minimum was violated because the jury did not find any drug attributed.
>
> III. Under the fifth amendment every "element of the crime" should be on an indictment or presented to the grand jury.

Petition (#1) at 2.

### B. Review for Statement of a Meritorious Claim

#### 1. Drug Quantity

Petitioner's first contention concerns the drug quantity attributed to him in the final Presentence Report. While his statement of claim invokes application of the new drug quantities provided under the Fair Sentencing Act of 2010, his argument appears to be based on proof of the drug quantities:

> In the instant case, the Jury did not find that Mr. Harvell possessed 5 kilograms up to 15 kilograms of cocaine. That drug amount attributed to Mr. Harvell must be by a Jury or Mr. Harvell possessed 15 kilograms of cocaine and the Jury found him guilty not by a preponderance of evidence. 15 kilograms increased his mandatory minimum punishment which is not "Element of Crime."

Petition (#1) at 4 (emphasis deleted). Reading this contention is alight most favorable to petitioner, it appears that he is contending that his sixth amendment right to trial by jury was violated when the court, rather than a jury, attributed at least five kilograms of cocaine, but less than 15 kilograms of cocaine in calculating the base level of his advisory Guidelines.

Foremost, petitioner waived his right to a jury trial and pled guilty to Counts 1, 2, and 4 of the Bill of Indictment and admitted to being in fact guilty of those charges. Plea Agreement, 3:11cr258 (#56) at 1. Further, petitioner agreed in the plea agreement that the "amount of cocaine that was known to or reasonably foreseeable by the [him] was in excess of 5 kilograms but less than 10 kilograms." <u>Id.</u> at ¶ 6(a). While it is true that the final PSR recommended a base level offense of 32 based on being "accountable for at least 5 kilograms but less than 15 kilograms of cocaine," PSR, 3:11cr258 (#85) at ¶ 34, rather than "less than 10 kilograms," such

2

error did not result in any increase in defendant's base level offense. It is the "at least five kilograms of cocaine" that provides for application of base offense level of 32. See §2D1.1(c)(4). The language in the final Presentence Report mirrors the language of the Guidelines, id., and substitution of "less than 10 kilograms" would not have resulted in a lower base offense level. The court finds that petitioner's contention that he had a right for a jury to determine the quantity of cocaine attributable to him to be frivolous in light of his plea and that any error in the final Presentence Report does not rise to the level of a Constitutional or statutory violation inasmuch as such error, if it can be called that, resulted in no increase in petitioner's base offense level.

### 2. **Alleyne**

Petitioner next asserts that he has a claim under the recent Supreme Court decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), in which the Court held that facts which increase mandatory minimum sentences must be either admitted by defendant or submitted to the jury and established beyond a reasonable doubt. Id. at 2163. Here, petitioner contends that his mandatory minimum sentence was enhanced based on brandishing a firearm, which "ballooned Mr. Harvell[']s sentence range to 121 to 151 months." Petitioner (#1) at 4.

Review of the final Presentence Report reveals that petitioner received a five level increase for brandishing a firearm under USSG §2B3.1(b)(6). PSR, 3:11cr258 (#85) at ¶ 28. Such enhancement was the subject of an objection filed by his counsel. The court adopted the suggested resolution of such objection in the final PSR, which provided as follows:

> The defendant is correct in his assertion that he never possessed or brandished a firearm; however, the defendant's instant offenses of conviction involve conspiracies, not the actual commission of an act. As such, when conspiring to commit the offense of conviction, the defendant and codefendants intended to use, possess, and brandish firearm(s). USSG §2X1.1 directs that in the case of a conspiracy, the base offense level from the substantive offense plus any

3

> adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty should be applied. It should be noted that agents confiscated a .12 gauge shotgun and a .45 caliber pistol from the defendants upon arrest.

Id. at 20. Review of the Indictment does not reveal that the Grand Jury alleged that the conspirators conspired to brandish a firearm and petitioner did not admit in his plea that he conspired to brandish a firearm. Further, the language of the Plea Agreement does not suggest that petitioner was aware that by pleading guilty he was exposing himself to a mandatory minimum sentence of seven years.

While petitioner goes on to argue that his case is identical to Alleyne, it is not as the defendant in Alleyne raised his argument on direct review. Here, petitioner did not file an appeal and he seeks relief under Alleyne through collateral review. Generally, sentencing factors under 18 U.S.C. § 3559(f) can be determined by the court applying a preponderance of the evidence standard. United States v. O'Brien, 130 S. Ct. 2169, 2175 (2010). At the time of sentencing, this court considered brandishing to be a sentencing factor and applied a preponderance standard as then allowed under Harris v. United States, 536 U.S. 545, 568 (2002), which held that increasing mandatory minimums based on judicial fact finding does not violate the Sixth Amendment. As discusses above, Harris was later overruled in Alleyne, which held that brandishing is an element of the offense because it increases the mandatory minimum sentence. Alleyne, 133 S. Ct. at 2163.

Inasmuch as Alleyne specifically overruled Harris, the Court of Appeals for the Seventh Circuit has found that Alleyne establishes a new rule of law. Simpson v. United States, 721 F.3d 875 (7th Cir. 2013). However, the Seventh Circuit went on to hold that Alleyne had not been made retroactively applicable to cases on collateral review by the Supreme Court. Id. (citing Dodd v. United States, 545 U.S. 353 (2005) (holding that the declaration of retroactivity must

come from the Supreme Court)). Without such retroactivity, this court is prohibited from addressing such a claim for the first time on collateral review as

> [s]ection 2255 provides that a prisoner sentenced by a federal court may move to have that sentence vacated, set aside or corrected if he or she claims that the court, in sentencing him or her, violated the Constitution or the laws of the United States, improperly exercised jurisdiction, or sentenced him or her beyond the maximum time authorized by law.

Thai v. United States, 391 F.3d 491, 493 (2d Cir.2005). Here, petitioner's sentence is well below the statutory maximum for the count of conviction challenged.

Generally, a new rule of law decided after a defendant's conviction becomes final cannot be applied to that defendant's case on collateral review. Teague v. Lane, 489 U.S. 288, 310 (1989) (holding that "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."). The exceptions to the general rule of non-retroactivity are, as follows: (1) new rules that "place an entire category of primary conduct beyond the reach of the criminal law, or new rules that prohibit imposition of a certain type of punishment for a class of defendants because of their status or offense"; or (2) "new watershed rules of criminal procedure that are necessary to the fundamental fairness of the criminal proceeding." Sawyer v. Smith, 497 U.S. 227, 241–42 (1990). As other courts have found:

> Alleyne does not fall within either exception. Alleyne did not place any individual conduct beyond the Government's power to punish, nor did it prohibit the imposition of any type of punishment. Nor does the rule in Alleyne qualify as a watershed rule of criminal procedure. Furthermore, as explained by the Seventh Circuit:
>> Alleyne is an extension of Apprendi v. New Jersey, 530 U .S. 466 (2000). The Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review. See Schriro v. Summerlin, 542 U.S. 348 (2004). This implies that the Court will not declare Alleyne to be retroactive. See also Curtis v. United States, 294 F.3d 841 (7th Cir.2002) ( Apprendi itself is not retroactive).FN91

5

Echeverry v. United States, 2013 WL 5548801, *10 (S.D.N.Y. Oct. 8, 2013) (quoting Simpson v. United States, supra, at 876 (7th Cir.2013)). See also In re Payne, No. 13–5103, 2013 WL 5200425 at *1–2 (10th Cir. Sept.17, 2013) (holding that Alleyne is not retroactive); United States v. Little, No. 6:11–169, 2013 WL 5719080, at *2 (D.S.C. Oct.21, 2013) (noting that " Alleyne has not been held to be retroactive to cases on collateral review"). The Fourth Circuit has not addressed the retroactivity of Alleyne.

Even though petitioner has shown that the enhanced mandatory minimum applied in his case runs contrary to the decision in Alleyne, the sentence imposed was within the statutory maximum for the offense charged, and Alleyne has not been held to be retroactively applicable on collateral review. Thus, petitioner's Alleyne claim is foreclosed as Teague barred.

### 3. Elements of the Offense

While no part of the argument is specifically addressed to the contention that "[u]nder the fifth amendment every 'element of the crime" should be on an indictment or presented to the grand jury," the court has construed such contention in a light most favorable to petitioner. In making such contention, petitioner has simply restated his Alleyne argument as the Supreme Court provided that brandishing was an element of the offense charged and needed to alleged in the charging instrument. For the same reasons discussed in relation to the second contention, this claim also fails.

### II. Conclusion

Having carefully conducted an initial screening by reviewing the contentions of the petition in light of the pleadings and Judgment in the criminal action, the court concludes that petitioner has failed to allege a contention necessitating a response from the government

6

inasmuch as the claims, when considered in accordance with the Rules Governing § 2255 Proceedings, Rule 4(b) that petitioner is entitled to no relief.

## ORDER

**IT IS, THEREFORE, ORDERED** that petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. 2255(f)(3) is **DENIED** upon initial screening inasmuch as petitioner fails to state a legally viable claim.

## Denial of Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and by demonstrating that any dispositive procedural ruling by the district court is debatable. Miller–El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that petitioner has failed to make "a substantial showing of the denial of a constitutional right" or that reasonable jurists would find this court's assessment as wrong inasmuch as the court was unable to find any contrary authority.

Signed: November 15, 2013

Max O. Cogburn Jr.
United States District Judge